UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H-E-B, LP,<br><br>                    Plaintiff,<br><br>v.<br><br>OLYMPIA TOOLS INTERNATIONAL, INC.,<br><br>                    Defendant. | Case No.: 21-CV-832-GPC(WVG)<br><br>**ORDER DENYING MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA**<br><br>[Doc. No. 2.] |

Pending before the Court is H-E-B, LP's motion to compel compliance with a third-party subpoena issued to Olympia Tools International, Inc. The Court finds the subpoena is facially invalid because the designated place for production of documents is beyond the 100-mile limit set forth in Federal Rule of Civil Procedure 45(c)(2)(A). Accordingly, the motion to compel is DENIED.

Rule 45 was substantially amended in 2013, and subdivision (c) now specifies the place of compliance for a subpoena commanding production of documents must be within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). This requirement "makes clear that the place of compliance is tethered to the location of the subpoenaed person." *Agincourt Gaming, LLC*

*v. Zynga, Inc.*, No. 14-CV-708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at *9 (D. Nev. Aug. 15, 2014).

Here, although H-E-B's chosen place of compliance—Perkins Coie's San Diego office—is within this District, this location is outside the 100-mile limit Rule 45 specifies. Olympia's official corporate address is located at 929 N. Grand Avenue, Covina, CA 91724. *See* https://olympiatools.com/pages/contact (last visited May 18, 2021). Perkins Coie's San Diego office is located at 11452 El Camino Real, Suite 300, San Diego, CA 92130. *See* https://www.perkinscoie.com/en/offices/san-diego.html (last visited May 18, 2021). As demonstrated by Appendix A of this Order, three commonly-used online map services—Google Maps, Microsoft Bing Maps, and MapQuest—confirm that these two locations are at best 102 miles apart. However, Rule 45's plain language does not permit a subpoena for production of documents beyond 100 miles of Olympia's headquarters. Accordingly, the subpoena is facially invalid. *Accord Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12CV3393, 2014 U.S. Dist. LEXIS 165227, at *4 n.1 (N.D. Cal. Nov. 25, 2014) (holding that a Rule 45 subpoena specifying the place of compliance as more than 100 miles from nonparty's headquarters was "invalid on its face"); *Dhillon v. Doe*, No. C-13-1465-SI, 2013 U.S. Dist. LEXIS 102270, at *1-3 (N.D. Cal. July 21, 2013); *see also Nieman v. Linkedin Corp.*, No. CV-12-80258-PSG, 2013 U.S. Dist. LEXIS 25645, at *6 (N.D. Cal. Feb. 25, 2013).[1]

The Court is aware that other district courts in the Ninth Circuit have chosen to entertain motions despite Rule 45's 100-mile limit for production of documents. *See generally Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, No. CV-19-5827-PHX-

---

[1] H-E-B easily could have avoided this result by simply designating its counsel's Los Angeles office—which accordingly to Google Maps is 50 or 52 miles from Olympia's headquarters—as the place of compliance rather than its counsel's San Diego office.

DWL, 2020 U.S. Dist. LEXIS 182418, at *3 (D. Ariz. Oct. 1, 2020) (citing cases).[2] However, this Court respectfully disagrees. Given that the plain language of Rule 45(c)(2)(A) provides that a subpoena "may" require production of documents "within 100 miles" of Olympia's headquarters,[3] this necessarily means that a subpoena *may not* require production at a place outside the 100-mile mark. The language of the Rule speaks for itself, it is not ambiguous, and the only way to "harmonize" Rule 45(c)(2)(A)'s 100-mile limit with Rule 45(d)(2)(A)'s lack of geographical limit as *Cartessa* attempted is to completely disregard Rule 45(c)(2)(A). Had the rule's drafters intended to allow production outside of the 100-mile limit if the third party did not have to appear in person at the place of production, they would have carved out such an exception. Thus, absent controlling Ninth Circuit Court of Appeals authority holding otherwise on this matter, the Court concurs with districts courts that have enforced the 100-mile limitation. *See, e.g.*, *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *Dhillon v. Doe*, No. C-13-1465-SI, 2013 U.S. Dist. LEXIS 102270, at *1-3 (N.D. Cal. July 21, 2013); *Nieman v. Linkedin Corp.*, No. CV-12-80258-PSG, 2013 U.S. Dist. LEXIS 25645, at *6 (N.D. Cal. Feb. 25, 2013).

Based on the foregoing, the motion to compel is DENIED, and the Clerk of Court is directed to terminate the case.

**IT IS SO ORDERED.**

DATED: May 28, 2021

Hon. William V. Gallo
United States Magistrate Judge

---

[2] The Court notes that the *Walker* case cited in *Cartessa* was decided well before the 2013 amendment to Rule 45, which now "clearly requires" compliance with the 100-mile limit. *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018).

[3] For a business, the relevant location is its headquarters. *See Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018). Both parties agree that Olympia's headquarters is the proper starting point here.

# Appendix A



Microsoft Bing Maps



MapQuest





