UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H-E-B, LP,<br><br>                                    Plaintiff,<br><br>v.<br><br>OLYMPIA TOOLS INTERNATIONAL,<br>INC.,<br><br>                                    Defendant. | Case No.:  21-cv-0832-GPC-WVG<br><br>**ORDER REMANDING THE CASE**<br><br>**[ECF Nos. 15, 18]** |

Before this Court is Plaintiff's Objection to Magistrate Judge William V. Gallo's May 28, 2021 Order which denied Plaintiff's Motion to Compel Compliance with Subpoena ("Subpoena Motion").  ECF No. 15.  Upon considering the moving documents and the case record, the Court **VACATES** the Magistrate Judge's Order and **REMANDS** the case to the Magistrate Judge for further proceedings.

## BACKGROUND

Plaintiff filed the Subpoena Motion on April 28, 2021, arising from a lawsuit in the United States District Court for the Western District of Texas.  Federal Rule of Civil Procedure ("Rule") 45(c)(2)(A) requires the place of compliance for a subpoena commanding production of documents to be "within 100 miles of where the person

1

resides, is employed, or regularly transacts business in person." The Magistrate Judge denied the Subpoena Motion for not meeting Rule 45(c)(2)(A)'s 100-mile requirement and thus being "facially invalid." According to the Magistrate Judge, commonly used online map services confirm that there is at least "102 miles" of distance between Defendant's official corporate address and Plaintiff's chosen place of compliance (Perkins Coie's San Diego office). *See* Order Den. Subpoena Mot. 1–2, ECF No. 13.

Plaintiff filed the Objection to the Magistrate Judge's Order on June 2, 2021. ECF No. 15. Plaintiff's Objection raises two points. First, Plaintiff argues that instead of adopting a "route of travel" approach to measuring distance, the Court should adopt a "straight line" approach (or "as the crow flies"), in which case the distance would be 89 miles. Second, Plaintiff argues that even if a straight-line approach is not adopted, different search queries result in the shortest road distance being less than 100 miles. Upon the Court's Order setting a briefing schedule, Defendant filed an Opposition, and Plaintiff filed a Reply. ECF Nos. 17, 20.

## STANDARD OF REVIEW

If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the court reviews or reconsiders the magistrate judge's ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *FDIC v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citations omitted); *see also McAdam v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014) (discussing how this standard is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'"). The "contrary to law" standard "permits independent review of purely legal determinations by the magistrate judge." *FDIC*, 196 F.R.D. at 378 (citations omitted). In other words, district courts may conduct

1    de novo review on issues of law.  *See Med. Imaging Centers of Am., Inc. v. Lichtenstein*,

2    917 F. Supp. 717, 719 (S.D. Cal. 1996) (citation omitted).  And for mixed questions of

3    fact and law, courts review de novo both the legal and factual findings of the magistrate

4    judge.  *See id.*

5                                   **DISCUSSION**

6          Rule 45(c)(2)(A), the primary provision implicated in this dispute, states that a

7    subpoena may command: "production of documents, electronically stored information, or

8    tangible things at a place within 100 miles of where the person resides, is employed, or

9    regularly transacts business in person."  While the Magistrate Judge found that Plaintiff's

10   Subpoena Motion was outside of the 100-mile requirement, implicit in this finding is the

11   Magistrate Judge's interpretation of "within 100 miles" in Rule 45(c)(2)(A) since the

12   Magistrate Judge used online map services that all calculated driving distances.[1]  *See*

13   Order Den. Subpoena Mot. App. A, ECF No. 13.

14         The Magistrate Judge's interpretation of Rule 45(c)(2)(A) is a legal issue subject to

15   de novo review.  And under de novo review, the Court independently concludes that the

16   term "within 100 miles" means a straight-line distance, not driving distance or route of

17   travel distance.  With no binding Ninth Circuit authority on the matter, the Court finds

18   the numerous district court cases adopting the straight-line approach—in contrast to a

19   dearth of cases adopting the route of travel approach—persuasive.  *See, e.g.*, *Maine Cmty.*

20   *Health Options v. Walgreen Co.*, No. 18-MC-0009, 2018 WL 6696042, at *3 (W.D. Wis.

21   Dec. 20, 2018) (collecting cases).  Indeed, many of these cases have articulated the policy

22   benefits of the straight-line approach, which the Court appreciates and restates below:

---

[1] The Court affirms the Magistrate Judge's driving distance calculation and rejects
Plaintiff's argument on this issue, *see* Pl.'s Obj. 6, ECF No. 15.  As discussed *supra* page
2, the Magistrate Judge's findings of fact warrant significant deference and Plaintiff
failed to demonstrate how the Magistrate Judge "clearly erred."

3

(1) it modestly expands the reach of civil trial subpoenas, thus promoting the favored policy of affording the trier an opportunity to hear witnesses in person; (2) it avoids trivial disputes over the ordinary, usual, and shortest routes of travel; and (3) it eliminates the anomaly that would otherwise exist of a plaintiff's being able to sue a person within 100 air miles of the courthouse, but not being able to present that defendant's live testimony to the trier when the defendant lives more than 100 travel miles away.

*Id.* (citing *SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214, 215 (D. Conn. 1977)).

One policy interest in favor of the route of travel approach is the protection of a non-party witness from undue travel burdens. *See generally* Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment ("These changes resolve a conflict that arose . . . about a court's authority to compel a party or party officer to travel long distances to testify at trial; such testimony may now be required only as specified in new Rule 45(c)."). Indeed, it appears that courts should read the term "within 100 miles" in Rule 45(c)(1)(A) to mean travel distance, i.e., the route of travel rather than a straight line. *See id.* ("Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to *travel* more than 100 miles . . . ." (emphasis added)).

However, the instant dispute concerns Rule 45(c)(2)(A), not (c)(1)(A). In other words, the concern is not over a person traveling "to attend a trial, hearing, or deposition," but over "production of documents, electronically stored information, or tangible things at a place." Fed. R. Civ. P. 45. *See generally* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2451 (3d ed. 2021) (distinguishing two types of subpoenas, a subpoena ad testificandum to compel the attendance of a witness, and a subpoena duces tecum to compel the production of documents and things). And for the production of documents and/or electronically stored information, the policy interest of protection from undue travel burdens is inapplicable. No part of Defendant's brief evinces such burden either. *Cf. Premier Election Sols., Inc. v. Systest Labs Inc.*, No. CIVA 09CV01822WDMKMT, 2009 WL 3075597, at *3 to *4 (D. Colo. Sept. 22, 2009)

(adopting the straight-line approach for document production since there was no travel burden).  In fact, the advisory notes to Rule 45 explicitly flag this distinction and discuss how the interpretation of Rule 45(c)(2)(A) must be in favor of *facilitating* discovery:

> For other discovery, Rule 45(c)(2) directs that . . . production of documents, tangible things, and electronically stored information may be commanded to occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted be electronic means.  Such arrangements facilitate discovery, and *nothing in these amendments limits the ability of parties to make such arrangements.*

Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment (emphases added). Therefore, while the policy interest in favor of the route of travel approach might implicate a court's understanding of "within 100 miles" in Rule 45(c)(1)(A), it has no bearing in this Court's understanding of "within 100 miles" in Rule 45(c)(2)(A).  *Cf.* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170–73 (2012) (discussing how the "Presumption of Consistent Usage" canon is "defeasible by context").[2]

Accordingly, the Court **VACATES** the Magistrate Judge's Order and **REMANDS** the case so that the Subpoena Motion may be reevaluated beyond whether the request complied with Rule 45(c)(2)(A)'s 100-mile distance requirement.  While Plaintiff's Objection and Reply also request this Court to grant the original Subpoena Motion at the same time, the Court declines to do so.  Neither document provides briefing on the merits

---

[2] For the reasons discussed above, the Court does not find the need to interpret the 100-mile requirement in Rule 45(c)(2)(A) to be consistent with the 100-mile requirement in Rule 4(k).  Of note, Rule 4(k) adopts a different language, "not more than 100 miles," so the canon of consistent usage would in fact undermine Plaintiff's position.  *See* Scalia & Garner, *supra*, at 170 ("[A] material variation in terms suggests a variation in meaning.").

of the subpoena, so the Court is ill-prepared to decide the matter on its own. The Magistrate Judge is in the best position to decide instead, since the original merits briefing was directed to him.

Plaintiff's Reply brief discusses how the case schedule in the United States District Court for the Western District of Texas calls for a "swift resolution" on the subpoena request, thus requiring an action by this Court. The Court is unsympathetic to Plaintiff's plea for a number of reasons. To start, Plaintiff provides no explanation on why it cannot request an extension or amendment to the case schedule in the Western District of Texas given the circumstances behind the subpoena. Further, the Court considers Plaintiff to be the one responsible for any tight deadline. For example, the Magistrate Judge has appropriately observed that Plaintiff could have avoided these series of procedural developments if it designated a more legally certain location for its place of compliance—the counsel's Los Angeles office instead of the San Diego office. *See* Order Den. Subpoena Mot. 2 n.1, ECF No. 13. More importantly, Plaintiff did not follow the local civil rule, which requires parties to contact Chambers to secure a hearing date before filing any motion or objection to the magistrate judge's decision. *See* CivLR 7.1.a, b. With no hearing date established, it was only much later that the Court, on its own, set a briefing schedule to evaluate the parties' positions and rule on the matter accordingly. While this Court declines to summarily dismiss Plaintiff's Objection for procedural violations, *cf.* CivLR 41.1, 83.1.a, it will not reward such violations either by rubber-stamping Plaintiff's subpoena request.

## CONCLUSION

For the foregoing reasons, the Court **VACATES** the Magistrate Judge's May 28, 2021 Order, ECF No. 13, and **REMANDS** the case to the Magistrate Judge for further proceedings. Relatedly, the Court **VACATES** the hearing on the matter, currently scheduled for July 30, 2021.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In reaching its decision, the Court did not rely on the documents Plaintiff lodged as sealed.  Therefore, the Court **DENIES** as moot Plaintiff's Motion for Leave to File Certain Documents Under Seal, ECF No. 18.  Should Plaintiff consider the underlying documents as relevant for the Magistrate Judge to reach his decision upon remand, Plaintiff may file another seal motion and re-lodge the underlying documents.

   **IT IS SO ORDERED.**

Dated:  July 26, 2021

Hon. Gonzalo P. Curiel
United States District Judge

7

21-cv-0832-GPC-WVG