UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H-E-B, LP,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>OLYMPIA TOOLS INTERNATIONAL, INC.,<br><br>　　　　　　　　　Defendant. | Case No.:  21-CV-832-GPC(WVG)<br><br>**ORDER GRAINTING-IN-PART AND DENYING-IN-PART MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA**<br><br>**[Doc. No. 2.]** |

　　　Pending before the Court is H-E-B, LP's motion to compel compliance with a third-party subpoena and deposition subpoenas issued to Olympia Tools International, Inc. The disputed subpoenas include generally overbroad document requests and deposition topics that ignore one salient fact: Olympia is third party that cannot be liable under the underlying action. With this fundamentally critical fact in mind, the Courts DENIES H-E-B's motion to compel compliance with nearly all of the subpoenas' document requests. The motion is GRANTED as to the few requests that are appropriate. Insofar as the motion also seeks to compel compliance with two deposition subpoenas, the motion is DENIED.

　　　H-E-B's conspiracy theories about Olympia's involvement with Home Depot aside, the fact remains that only Home Depot is a named party in the underlying action in the Western District of Texas. Yet many of the document requests to Olympia ignore this fact

and treat Olympia as yet another defendant in that action. Compounding this folly, H-E-B then seeks the broadest universe of documents possible.

For example, RFP 7 seeks "Documents identifying each purchaser of the Coolers" and is a clear example of H-E-B's fishing expedition. H-E-B tacitly admits as much in its attempt at justifying RFPs 1, 2, 3, and 7, stating that these are "directed to identifying other entities that may have participated in infringement or may have relevant information about the accused products."[1] Remembering that only Home Depot is a named accused infringer in the underlying action, this purported justification is not aimed at proving Home Depot's infringement so much as it is aimed at finding other infringers to sue given that other third parties' and Home Depot's alleged infringement were independent of each other. In addition to this flaw, RFP 1 seeks "documents concerning" Olympia's "relationship" with eight named third party entities "or any of their related entities" and is grossly overbroad. *Olympia's* relationship with *other third parties* is wholly irrelevant both to *Home Depot's* alleged infringement and to the Olympia-Home Depot relationship. RFP 2 seeks documents identifying the accused product's full supply chain—on Olympia's end. Again, Olympia's supply chain has no bearing on Home Depot's alleged infringement and resulting damages. RFP 3 is yet another scorched earth request: "Documents concerning an agreement between [Olympia] and any other entity to manufacture and/or distribute the Cooler." This is again an overreach and attempt to identify third parties who are potentially in relationships *with Olympia*—not Home Depot—and have nothing to do with Home Depot's alleged infringement. Granted, such a wide net *might* snag an entity who *might* have had some sort of relationship with Home Depot and *may* somehow be related to Home Depot's alleged infringement, but all of this is far too speculative. It is, in other words, the classic fishing expedition. This question is far better suited for Home Depot than Olympia.

---

[1] The Court rejects the second portion of this explanation. It is overly generic and doesn't tell the Court what possible "relevant information" any other third parties can have about the relationship between H-E-B and Home Depot or Home Depot's alleged infringement.

H-E-B attempts to justify RFPs 5 and 7 as "merely" seeking "to identify all of the relevant cooler models, including those that may have predated the Everbilt branding so that H-E-B can address their development." However, this explanation is disconnected from the call of RFP 7, which seeks documents "identifying each purchaser of the Coolers"—again broadly seeking the identities of third parties. As for RFP 5, which seeks documents that identify each "Cooler" that Olympia "manufactured, assembled, imported, sold, or offered for sale into or within the United States from January 31, 2014 to present," this RFP is again overbroad and seeks information on products that Home Depot is not accused of infringing. Either Home Depot or H-E-B know which allegedly infringing items Home Depot has sold. The Court sees no valid purpose in asking Olympia to identify every cooler model with a pressure-release button when the universe of such coolers could include items never distributed by Home Depot and which Home Depot is not accused of infringing.

Next, H-E-B attempts to justify RFPs 4-6, 15, 17, and 18 as all being "directed to various forms of infringing conduct, whether it be 35 U.S.C. § 271 prohibition against making, using, selling, and importing infringing goods, inducing and contributing to infringement, or the appearance of the accuse products." This is the totality of the justification provided for these seven dense RFPs. From this explanation, it certainly appears as though H-E-B is attempting to uncover *Olympia's* infringing conduct rather than Home Depot's conduct. Returning to the critical fact that Olympia is not a defendant in the underlying action, this attempted justification fails. Moreover, RFPs 6, 17, and 18 relate only to Olympia and are wholly irrelevant to Home Depot's alleged infringement. Even if H-E-B can show some marginal relevance, they are overly burdensome to third party Olympia. RFP 4 is overbroad and seeks purchase orders and invoices for the accused product regardless of the purchasers' involvement in Home Depot's case—again fishing for information from a third party about unrelated third parties. RFP 15 is yet another example of an overbroad, scorched earth request that seeks all "[c]ommunications between [Olympia] and any other person or entity regarding the manufacture, importation, use, sale,

offer for sale, and/or distribution of the Cooler." It strains credulity that any attorney would propose this as an appropriate, narrowly tailored RFP to a third party and would not vociferously object had the same RFP been directed at his or her own client.

Next, Plaintiff attempts to justify RFPs 8-10, 12, and 20 as seeking "information about licenses, profits, costs, and other financial aspects of the coolers and items sold together with the coolers." However, most of these are directed at Olympia, which is the wrong party and is not the company being sued in Texas. Thus, the Court finds no relevance to the Texas suit what Olympia's manufacturing costs is (RFP 9); Olympia's current total inventory of coolers is (RFP 10); what other products were bought in conjunction with the accused product (RFP 12); what Olympia's "business plans, forecasts, projected sales, projected profits, budgets" are (RFP 20). In addition to being overbroad, these RFPs simply are not within the scope of the Texas suit against Home Depot. And although RFP 8 is appropriate, the Court exercises its authority to limit discovery by limiting RFP 8 as Olympia's response relates to Home Depot only. As modified, Olympia must respond.

Moving on, Plaintiff claims RFPs 13, 14, 16 address Olympia's "knowledge of the patents, communications regarding the patents and the lawsuit, and its practices and policies when it learns of an infringing allegation." Of these three RFPs, the Court finds only 13 and 14 are appropriate. However, the Court exercises its authority to limit RFP 13 as it relates to the underlying case involving Home Depot only. Olympia must respond to RFP 13 as modified.

Having reviewed the twenty RFPs, the Court grants H-E-B's motion to compel as to the following RFPs only: 8 and 13, as they relate to Home Depot only; 11; and 14.

Finally, Plaintiff also seems to seek to compel compliance with two deposition subpoenas, but does so in the most perfunctory manner possible. As an initial matter, these subpoenas are mentioned nowhere in Plaintiff's notice of motion, which mentions only the document subpoena discussed above. And in reviewing Plaintiff's motion to compel, one would barely know any deposition subpoenas were at issue except for the brief reference to serving subpoenas "seeking document and testimony" on page 2 of the motion and

references to the deposition subpoenas in the background section of the motion on page 9. Importantly, the arguments section of the motion contains nothing about enforcing the deposition subpoenas. Rather, the argument focuses exclusively on the documents subpoena. Given the lack of argument and authority as to the deposition subpoenas, the Court finds Plaintiff has failed to meet its burden and declines to issue an order compelling Olympia to comply.

Based on the foregoing, the motion to compel compliance with the documents subpoena is GRANTED-IN-PART and DENIED-IN-PART. To the extent the motion also seeks to compel compliance with the deposition subpoenas, the motion is DENIED. Olympia is ORDERED to produce responsive documents **on or before September 21, 2021**. After the Court's 30-day deadline for disputes expires on October 21, 2021 without a dispute presented to the Court, the Court will direct the Clerk of Court to terminate the case.

**IT IS SO ORDERED.**

DATED: September 3, 2021

Hon. William V. Gallo
United States Magistrate Judge